```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA

     - against -                           12 Cr. 844 (RWS)

PABLO VENTURA-NIEVES,                      OPINION AND
                                              ORDER
                    Defendant.

------------------------------------X

A P P E A R A N C E S


          Attorneys for the United States

          PREET BHARARA
          United States Attorney
          Southern District of New York
          One Saint Andrew's Plaza
          New York, NY 10007
          By:  Russell Capone, Esq.
               Jessica Lonergan, Esq.


          Attorneys for the Defendant

          Defendant, pro se
          Pablo Ventura-Nieves
          Reg. No. 41286-069
          FPC Butner - Unit CW
          Post Office Box 1000
          Butner, NC 27509
```

**Sweet, D.J.**

Pablo Ventura-Nieves ("Ventura-Nieves" or the "Defendant") has moved for a reduction of his prison sentence pursuant to 18 U.S.C. § 3582(c)(2) from 135 months to 120 months. For the reasons stated below, Ventura-Nieves' motion is denied.

**Facts**

On February 26, 2014, Ventura-Nieves pled guilty to conspiracy to distribute five kilograms and more of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). The parties stipulated to using the November 2013 Guidelines to calculate Ventura-Nieves' base offense level at 38, adjusted to 35 for acceptance of responsibility. With a Criminal History Category of I, his applicable Guidelines range was 168 to 210 months' imprisonment. This Court issued a sentencing opinion on December 4, 2014 adopting the Guidelines calculation reflected in the plea agreement and indicating the Court intended to impose a below-Guidelines sentence of 120 months' imprisonment. (Dkt. No. 206.)

2

Both parties in their subsequent sentencing submissions recommended that the Court calculate the Guidelines range two levels lower (base level of 36 and adjusted offense level of 33) to reflect the 2014 amendments to the Sentencing Guidelines. Using the adjusted offense level of 33, both parties calculated in their submissions that Ventura-Nieves' Guidelines range was 135 to 168 months' imprisonment. (Dkt. Nos. 211, 255.) At Ventura-Nieves' sentencing, the Court increased the term of imprisonment that was included in the preliminary sentencing opinion from 120 months to 135 months. When the Court made this determination, it reasoned that "a guideline sentence is appropriate because of the role played by the defendant." (Dkt. No. 271 at 10:22-23.)

**Applicable Standard**

Amendment 782 to the Sentencing Guidelines became effective on November 1, 2014 and it lowered the penalties for most drug offenses listed on Section 2D1.1's Drug Quantity Table by two levels. Amendment 788 allows Amendment 782 to apply retroactively to previously sentenced defendants.

3

This case was brought under Section 3582(c), which provides for "a limited adjustment to an otherwise final sentence." Dillon v. United States, 560 U.S. 817, 826 (2010). Dillon provided for a two-step process to determine if an adjustment was appropriate. "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Id. at 827. The court must to determine if "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." Id. (internal citations omitted).

However, "Courts generally may not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" produced by the amendment. Dillon, 560 U.S. at 827 (internal quotation marks omitted). Section 1B1.10 does not allow for reductions below the bottom of the amended Guidelines range, even if the court departed from the Guidelines at the original sentencing (with the exception of reductions for substantial assistance). United States v. Erskine, 717 F.3d 131, 137-41 (2d Cir. 2013).

4

Step two of the inquiry articulated in Dillon requires the court to determine whether to grant a reduction in whole or in part based on the applicable factors in Section 3553(a). Dillon, 560 U.S. at 827.

**The Defendant is Not Entitled to a Sentence Reduction**

In this case, Ventura-Nieves is not entitled to a sentence reduction because he was originally sentenced under the amended Guidelines range. Both parties in their sentencing submissions to the Court noted that the amended Guidelines range was 135-168 months' imprisonment. While in the preliminary sentencing opinion the Court had recommended a sentence of 120 months' imprisonment, at the sentencing hearing the Court sentenced Ventura-Nieves to 135 months' imprisonment, which it referred to as a Guidelines sentence. (Dkt. No. 271 at 10:22-23, 11:3-6.). If Ventura Nieves were being sentenced under the original Guidelines, then his applicable Guidelines range would have been 168 to 210 months' imprisonment and 135 months would not have been a Guidelines sentence. In this case, Ventura-Nieves was sentenced at the bottom of the 2014 amended

Guidelines range and is therefore not entitled to a further reduction.

**Conclusion**

For the reasons stated above, the Defendant's motion is denied.

It is so ordered.

New York, NY
August 2/, 2016

_____
ROBERT W. SWEET
U.S.D.J.